UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM BRADFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05-CV-244 CAS |
| ) | |
| MICHELLE WHITWORTH, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff and defendant's respective motions for summary judgment. For the following reasons, the Court will grant defendant's motion for summary judgment and deny plaintiff's motion for summary judgment.

**I. Background**

Plaintiff William Bradford filed this action against defendant Michelle Whitworth pursuant to 42 U.S.C. § 1983 alleging that Whitworth violated his due process rights under the Fourteenth Amendment in connection with disciplinary proceedings and his Eighth Amendment right to be free from illegal and excessive punishments. Currently, Bradford is a resident at the Missouri Sexual Offender Treatment Center ("MSOTC"). Defendant Whitworth is a registered nurse, who was an employee at MSOTC during the time of the events in question. The parties filed cross-motions for summary judgment.

**II. Summary Judgment Standard**

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Citrate, 477

U.S. 317, 322 (1986). The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson, 477 U.S. at 248). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004). "Self-serving, conclusory statements without support are not sufficient to defeat summary judgment." Armour and Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993).

### III. Discussion

#### A. Facts

The Court finds the following facts as true for purposes of summary judgment. Plaintiff William Bradford is a civil detainee at MSOTC in Farmington, Missouri. Bradford is being detained

pending a determination whether he should be classified as a sexually violent predator pursuant to the Missouri Sexually Violent Predators Act, MO. REV. ST. § 632.480 (2000). At the time of the events relevant to this case, defendant Michelle Whitworth was employed as a Nurse by the Missouri Department of Mental Health at MSOTC. Alan Blake is the Chief Operating Officer and Head of the MSOTC.

Although Bradford is not offered sexual offender treatment, he is provided treatment upon the same models as committed sexually violent predators. The treatment directives for MSOTC detainees and committed individuals emphasize the consistent application of rules and timely consequences for rules violations. The purpose of these directives is to prevent the detainee from interpreting delayed punishment as weakness and escalation of improper behavior in the future.

On October 4, 2003, Whitworth issued Bradford a violation for refusing a direct order, contraband, and creating a disturbance. Whitworth classified this violation as a "major violation." As a consequence, Bradford's privileges were withdrawn for seven days.[1] At a later date, the violation for contraband was expunged. Bradford filed two grievances concerning the October 4, 2003 violation, grievances #1094 and #968. These grievances were dated October 6, 2003, and October 7, 2003. M. Bellew Smith provided the initial response to the grievances. After these responses, plaintiff appealed grievance #968 to Alan Blake on October 15, 2006. Blake responded to plaintiff's grievance on October 20, 2003.

---

[1] In his complaint, Bradford asserts that during the disciplinary period he was (1) confined to the physical confines of the ward "day hall" from 9 a.m. to 9 p.m. daily, (2) denied his DMH indigent patient funds, (3) denied access to the canteen, (4) denied access to packages of personal property from family and friends, (5) prevented from making phone calls to anyone except his public defender, (6) denied the right to keep personal property with the exception of clothing and legal paperwork, (7) denied access to library services, and (8) unable to participate in recreation activities. (Compl. ¶ 8).

3

Plaintiff filed this action on February 7, 2005, requesting compensatory and punitive damages and injunctive relief.

**B. Qualified Immunity**

Whitworth asserts that she is entitled to qualified immunity. Under the qualified immunity principle, governmental officials are immune from suit for civil damages unless their conduct is unreasonable in light of clearly established law. Anderson v. Creighton, 483 U.S. 635, 639 (1987). To determine whether an official is entitled to qualified immunity, the Court must ask two questions: (1) whether, after viewing the facts in the light most favorable to the party asserting the injury, there was a deprivation of a constitutional or statutory right; and, if so, (2) whether the right was clearly established at the time of the deprivation such that a reasonable official would understand his conduct was unlawful in the situation he confronted. See Saucier v. Katz, 533 U.S. 194, 201 (2001). If the answer to this first inquiry is no, courts do not delve further into the qualified immunity inquiry. Id. Instead, the defendant is entitled to qualified immunity, and the suit is not permitted to proceed. Id. Qualified immunity is not a complete defense to plaintiff's claim for injunctive relief, assuming the same is not moot, because qualified immunity "cannot serve as a defense to an equitable claim such as [a] claim for injunctive relief." Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995).

**C. Eighth Amendment Claim**

First, the Court will address whether plaintiff suffered a deprivation of a constitutional right. In his complaint, Bradford asserts that Whitworth violated his rights to be free of "illegal and excessive punishments" by punishing him without legal authority or procedural protections.

An involuntarily committed patient such as plaintiff is not a prisoner, however, "his confinement is subject to the same safety and security concerns as that of a prisoner." Revels v. Vicenz, 382 F.3d 870, 875 (8th Cir. 2004). "[B]ecause an involuntarily committed [patient] is

confined for treatment rather than incarcerated for the purpose of punishment following conviction, the Eighth Amendment does not apply." Id. The rights of involuntarily committed patients arise under the Fourteenth Amendment.[2] Therefore, Bradford's claims will be addressed according to the Fourteenth Amendment's procedural due process analysis.

### D. Fourteenth Amendment Procedural Due Process

Bradford asserts that Whitworth violated his procedural due process rights under the Fourteenth Amendment because he did not receive his right to fair notice, time for preparation, impartial hearing, and the ability to present a defense theory prior to imposition of punishments. "Procedural due process extends only to rights encompassed by the Fourteenth Amendment's protection of liberty and property. Such interests may be created by state laws and policies . . . . It is clear however, that without more, the mere violation of a state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1993) (internal citations omitted). "The simple specification of a particular procedure does not create a Fourteenth Amendment liberty interest." Nix, 1 F.3d at 717.

In evaluating the constitutionality of restrictions placed on detainees that implicate only the protection against deprivation of liberty without due process of law, "the proper inquiry is whether those conditions amount to punishment of the detainee." Bell v. Wolfish, 441 U.S. 520, 535 (1979). "The Due Process prohibition on punishment . . . cannot be a prohibition on the imposition of discipline for misconduct as a detainee, such interpretation would deprive [the authorities] of the

---

[2]The Fourteenth Amendment provides: All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

necessary ability to preserve the order and security of their institutions." Smith v. Copeland, 892 F. Supp. 1218, 1232-33 (E.D. Mo. 1995). The right to be free from punishment is a right not to be punished for misconduct in a manner that is not reasonably related to a legitimate institutional objective. Smith, 892 F. Supp. at 1233.

Based on the facts of this case, the Court concludes that plaintiff received procedural due process regarding the disciplinary action. Bradford received immediate notification of the disciplinary action being taken. Bradford filed two grievances and appealed the validity of the imposed discipline to the highest level. The charge of contraband was later expunged. Bradford cannot establish a procedural due process violation based on his disagreement with the decision to withdraw his privileges. See Bradford v. Schoffman, No. 4:03-CV-1699 CDP, 2006 WL 1391303 at *6 (E.D. Mo. May 19, 2006) (court finds that as a result of presumptively valid treatment decisions combined with undisputed fact residents may request expungement of and appeal disciplinary action, plaintiff could not demonstrate due process rights violated by immediate issuance of sanitary violation). The treatment decision by Whitworth to issue an immediate violation to Bradford is presumptively valid and clearly did not violate his constitutional rights. See Youngberg v. Romeo, 457 U.S. 307, 323 (1982) (decision by professional was presumptively valid and no liability attaches unless decision was substantial departure from accepted professional judgment, practice or standards). Because Bradford's allegations do not establish a constitutional violation, the Court will grant Whitworth qualified immunity on Bradford's procedural due process claim.

**E. Injunctive Relief**

Because qualified immunity cannot serve as a defense to a claim for injunctive relief, the Court must address the merits of plaintiff's claim for injunctive relief. Bradford requests injunctive relief in the form of relieving Whitworth of her employment with the State of Missouri, ordering that

plaintiff not be subject to punitive sanctions, and ordering that MSOTC comply with 9 § CSR 10-7.020(4)(A). Because plaintiff's constitutional claims fail as a matter of law, plaintiff's request for injunctive relief regarding those claims is now moot. In addition, Bradford cannot assert a cause of action under MO. CODE REGS. ANN. tit. 9 § 10-7.020(4)(A) (2003). See Bradford v. Blake, 4:05-CV-136 CAS, 2006 WL 744307 at *3 (E.D. Mo. Mar. 23, 2006) (no express provision establishing private right of action in various Missouri statutes and regulations including MO. CODE REGS. ANN. tit. 9 § 10-7.020(4)(A) (2003)).[3]

## IV. Conclusion

Based on the foregoing, defendant's motion for summary judgment will be granted and plaintiff's motion for summary judgment will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment is **GRANTED**. [Doc. 16]

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment is **DENIED**. [Doc. 18]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [Doc. 10]

---

[3]Defendant summary judgment memorandum also addressed whether plaintiff could obtain relief pursuant to MO. REV. ST. §§ 630.110 et seq. under 42 U.S.C. § 1983 and state law. Because plaintiff's complaint does not contain an assertion of rights concerning the cited statues or § 1983, the Court will not address those claims as discussed in the parties' summary judgment briefing. On the merits, the claims would fail as a matter of law. Plaintiff cannot assert a private right of action under state law for any alleged violations of Mo. Rev. St. §§ 630.050, 630.055, and 630.135. See Bradford v. Blake, 2006 WL 744307 at *3 (no private right of action in various statutes governing Department of Mental Health and patients' rights). Plaintiff also cannot assert these claims under § 1983 because a violation of state law alone is not the equivalent of a violation of federal law eligible for relief under § 1983. Bagley v. Rogerson, 5 F.3d 325, 329 (8th Cir. 1993).

**IT IS FURTHER ORDERED** that plaintiff's motion to determine sufficiency of answer is **DENIED**. [Doc. 13]

**IT IS FURTHER ORDERED** that plaintiff's motion to amend the case management order is **DENIED as moot**. [Doc. 15]

An appropriate judgment shall accompany this memorandum and order.

　　　　　　　　　　　　　　　　　　　／s／ Charles A. Shaw
　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this 11th day of July, 2006.